```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
TORAY PLASTICS (AMERICA), INC.,    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 18-672 WES
                                   )
MATTHEW B. PAKNIS,                 )
                                   )
          Defendant.               )
_____)
```

**MEMORANDUM AND ORDER**

Defendant has filed a Motion for Leave to File First Amended Answer and Counterclaim, ECF No. 19, seeking to add counterclaims for tortious interference with contract, tortious interference with business relationships, and abuse of process. Defendant brings these counterclaims based on two theories, one of which must be rejected as futile, and one of which survives. Defendant also seeks to make certain non-substantive changes to his Answer and to add two affirmative defenses; in the absence of objection, these requests are allowed. Accordingly, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

I.   Background

Plaintiff Toray Plastics alleges that Defendant Matthew B. Paknis breached a contract between the parties and defamed Toray through disparaging statements contained within Successful Leaders Aren't Bullies, a book written by Paknis. See Compl. ¶ 19-22, 28-

32, ECF No. 1.  Toray claims that these statements violated a 2018 agreement which had settled Paknis's previous employment-based claims against Toray.  Id. at ¶ 7-15.

At a pretrial conference, the Court authorized Toray to issue a subpoena to Post Hill Press, LLC, the publisher of Paknis's book.  See Def.'s Reply 3, ECF No. 22.  Toray issued the subpoena, seeking all communications and agreements between Paknis and Post Hill Press, all drafts of Paknis's book, and documentation of revenue from the book.  See Subpoena 5-6, ECF No. 22-5.  Paknis's prior counsel subsequently withdrew from the case.  See July 3, 2019 Text Order.  Around the same time, Paknis's then-pending bankruptcy proceeding triggered an automatic stay of this case, lasting from June 25, 2019 until May 13, 2020.  See Notice of Suggestion of Bankruptcy and Automatic Stay, ECF No. 13; Notice of Dismissal of Bankruptcy, ECF No. 15.

With the stay lifted and new counsel raring to go, Paknis filed the instant Motion for Leave to File First Amended Answer and Counterclaim ("Motion to Amend"), ECF No. 19.  He argued that Toray unlawfully interfered with his business relationship with Post Hill Press by filing the subpoena and by threatening to sue the publisher.  See Proposed First Amended Answer and Counterclaim 15-16, ECF No. 19-1.  Based on these allegations, he requested leave to add counterclaims for tortious interference with contract and business relationships.  See id.

A month later, in his Reply to Toray's Opposition to the Motion to Amend, Paknis included a Revised Proposed Amended Answer, ECF No. 22-3. This revised version pointed to an email Paknis received from his editor at Post Hill Press stating, "Our attorneys said we have to respond to the lawsuit. Unfortunately the legal costs will in all likelihood exceed any profits from the sales of the book. The publisher feels it must distance itself from you." Revised Proposed Amended Answer ¶ 37. In addition to the tortious inference counterclaims, the revised version included a counterclaim for abuse of process. Id. at ¶¶ 57-62. Plaintiff subsequently moved to strike the newly added count and factual allegations as improperly raised. See Motion to Strike 1-3, ECF No. 23. The Court denied Toray's Motion to Strike, but granted its alternative request to file a Sur-Reply. See Nov. 5, 2020 Text Order. With briefing now complete, the Court addresses Paknis's Motion to Amend.

II. Legal Standard

Leave to file amended pleadings shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). However, where the amendment fails to allege facts that would survive a motion to dismiss, a motion to amend should be denied as futile. See D'Agostino v. ev3, Inc., 845 F.3d 1, 6 & n.3 (1st Cir. 2016) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). Toray contends that Paknis's proposed amended answer

3

fails to establish facts sufficient to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Pl.'s Obj. 6-11, ECF No. 20.[1]

Under that standard, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a [pleading alleges] facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and quotations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged . . . ." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 13 (1st Cir. 2011).

III. Discussion

In the revised version of his proposed amended answer, Paknis

---

[1] In its Sur-Reply, Toray changes tack, suggesting that because this amendment comes late in the day, the Court should apply the "substantial and convincing evidence" standard. See Pl.'s Sur-Reply 4-5, ECF No. 25 (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)). The Court disagrees. Although the case has persisted for more than two years already, the events at issue in the counterclaims allegedly occurred in mid-2019, around the time that the case entered the automatic stay. Less than two months after the stay was lifted, Paknis filed the instant motion. Thus, the Motion was brought close enough in time that the normal Rule 12(b)(6) standard should govern.

names three counterclaims: tortious interference with contract, tortious interference with business relationships, and abuse of process. See Revised Proposed First Amended Answer 16-18, ECF No. 22-3. The counterclaims are each pled under two theories: the nefarious-subpoena theory, which fails, and the threatened-lawsuit theory, which ekes past the well-pleaded standard and therefore may be the subject of limited discovery. Id.

    a.   Nefarious Subpoena

Paknis's first theory of liability is based on the allegation that Toray "served Post Hill Press with an overly burdensome subpoena and then accepted discontinuation of the Book in lieu of a substantive response . . . ." Id. at ¶ 48; see also id. at ¶¶ 54, 60. Given the subject matter of Toray's Complaint, though, the subpoena was reasonable. Indeed, as Paknis acknowledges, this Court authorized the issuance of the subpoena over his objection. See Def.'s Reply 3, ECF No. 22.[2] In this Court, discovery disputes

---

[2] Moreover, though beyond the scope of Rule 12(b)(6), Paknis's assertion that Post Hill Press did not provide a substantive response is clearly wrong. Paknis makes this assertion based solely on the following reasoning: "Paknis can glean from Plaintiff's Objection that Post Hill Press' response to the broadly sweeping Subpoena is just one page in length ([Pl.'s Obj.] at 5, citing Subpoena response at 'Ex. 2 p.2'), however Paknis cannot confirm this either since the exhibit is not actually attached to the Phaneuf Affidavit." See Def.'s Reply 4, ECF No. 22. It is true that Toray cited to documentation of Post Hill Press's subpoena compliance and failed to initially attach that documentation. See Pl.'s Obj. 5, ECF No. 20. But the section of Plaintiff's Opposition referenced by Paknis provides no basis for assuming that the subpoena response was one page in length. The

are handled as follows:

> No discovery motions shall be filed until after the party in good faith tries to resolve the matter with opposing counsel. If that does not resolve the dispute, the party must first have an informal conference with the Court, which can be arranged by contacting the judge's Case Manager via email or telephone . . . .

Pretrial Scheduling Order 3, ECF No. 10. A counterclaim is an inappropriate method for resolving this squabble.

b. Threatened Lawsuit

The other basis for the counterclaims is the allegation that Toray threatened to sue Post Hill Press if it did not cease to publish Paknis's book. See Revised Proposed First Amended Answer ¶¶ 48, 54, 60, ECF No. 22-3. In response, Toray primarily contends that it did not in fact threaten Post Hill Press with a lawsuit. See Pl.'s Sur-Reply 8, ECF No. 25. As stated, however, the Court is sticking with the Rule 12(b)(6) standard; the veracity of the factual allegations is not in play.

Toray also argues that the counterclaims are barred by the litigation privilege, which protects communications (and maybe conduct) made during or in anticipation of litigation. Pl.'s Obj.

---

sentence made clear that "Ex. 2" was an email to which the requested discovery was presumably attached; thus, while the page numbers referenced give some indication of the length of the email, they give no indication regarding the length of the attachment. See Pl.'s Obj. 5. Lastly, Toray's attorneys, as officers of the court, have stated that Post Hill Press did comply with the subpoena, provided thousands of pages in response. See Pl.'s Obj. 5; Pl.'s Sur-Reply 2.

6

7-9, ECF No. 20; Pl.'s Sur-Reply 5-9.[3]  However, the applicability of this privilege is not ripe for resolution.  "[A] motion to dismiss on the basis of the litigation privilege only succeeds when the entitlement to the privilege is demonstrated by the [pleading] itself." Hayes v. Mirick, 378 F. Supp. 3d 109, 114-15 (D. Mass. 2019) (citation and quotations omitted).  Courts in this circuit have held that the applicability of the litigation privilege "is determined on a case-by-case basis, after a fact-specific analysis, with a proper consideration of the balance between a plaintiff's right to seek legal redress for injuries suffered and the public policy supporting the application of such a strong protection from the burdens of the litigation." Id. at 114 (citation and quotations omitted); see also Riverdale Mills Corp. v. Cavatorta N.A., Inc., 189 F. Supp. 3d 317, 321 (D. Mass. 2016) ("application of the privilege is determined on a case-by-case basis" (citation and quotations omitted)).

Here, Paknis points out that Toray and Post Hill Press did not have a contractual relationship, so any threat of litigation by Toray against Post Hill Press would likely have been baseless. See Def.'s Reply 8 & n.9, ECF No. 22.  This Court agrees.  The proposed amended answer "create[s] the reasonable inference that

---

[3] Toray's privilege arguments focus on the subpoena-based theory, but the Court will assume that they are also levied at the lawsuit-based theory. See Pl.'s Obj. 7-9; Pl.'s Sur-Reply 5-9.

[Toray] threatened legal action in bad faith and did not seriously consider initiating any judicial proceeding against [Post Hill Press, and it] would thus be inappropriate for the Court to determine the applicability of the litigation privilege at this juncture." Eaton v. Veterans Inc., 435 F. Supp. 3d 277, 281 (D. Mass. 2020) (citation omitted); see also Steward Health Care System, LLC v. Blue Cross & Blue Shield of Rhode Island, 997 F. Supp. 2d 142, 164 (D.R.I. 2014) ("[T]o defeat a tortious interference claim on a motion to dismiss, the privilege or other justification must be one of well-documented and unquestioned authority . . . ." (citation omitted)); Meltzer v. Grant, 193 F. Supp. 2d 373, 381 (D. Mass. 2002) (holding that applicability of privilege could not be determined at motion to dismiss because there was "a basis for challenging whether the . . . threatened action, civil litigation, was contemplated in good faith and/or was seriously considered").

While Toray's frustration regarding Paknis's litigation tactics is understandable, the Court concludes that Paknis's counterclaims survive the futility inquiry on the theory that Toray threatened Post Hill Press with a frivolous lawsuit, thereby preventing the book's publication through tortious means. It appears that Toray need not be too concerned; the affidavit of Plaintiff's Counsel, Eric B. Mack, states that he has never spoken with any employee or representative of Post Hill Press, and that

8

he has not made any threats to sue the publisher. See Mack Affidavit ¶¶ 2-5, ECF No. 25-2. Absent some other evidence, this would appear to dispose of the counterclaims in Toray's favor. If Paknis continues to press the counterclaims notwithstanding the averments of Mr. Mack, discovery must tailored to this issue, to determine if it should survive summary judgment.

IV. Conclusion

Defendant's request to add counterclaims to his Answer is denied as to the subpoena-based theory, and granted as to the lawsuit-based theory. The other requested amendments are granted in the absence of objection. Thus, Defendant's Motion for Leave to File First Amended Answer and Counterclaim, ECF No. 19, is GRANTED IN PART and DENIED IN PART. Defendant is directed to file an amended answer in conformance with this Memorandum and Order.[4]

IT IS SO ORDERED.

/s/ WESmith

William E. Smith
District Judge
Date:  January 13, 2021

---

[4] Toray's request for sanctions, Pl.'s Sur-Reply 13-14, is denied without prejudice.